UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID K. NG,

    Plaintiff,

vs.                                                    Case No.: 8:17-cv-509-CEH-JSS

MEGAN J. BRENNAN, Postmaster
General, United States Postal Service,

    Defendant.
_____/

## AMENDED MOTION FOR LEAVE TO FILE AMENDED ANSWER

Under Rules 15(a)(2) and 16(b), Federal Rules of Civil Procedure, the defendant moves for leave to file an amended answer and says:

1. On October 24, 2017, the plaintiff filed his fourth amended complaint. Doc. 26. The complaint contains three counts for disparate treatment based on race, national origin, and retaliation and one count for a retaliatory hostile work environment. *Id.* The defendant answered on November 15, 2017, Doc. 40. Discovery closes on October 5, 2018.

2. The defendant seeks leave to file an amended answer to assert an additional affirmative defense under *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 764-65 (1998), and *Faragher v. Boca Raton*, 524 U.S. 775 (1998). In his fourth amended complaint, the plaintiff alleges retaliation by a co-worker,

Chris Wilkerson, in the form of derogatory comments directed at the plaintiff. Doc. 26, para. 11. Nowhere does the plaintiff allege that Wilkerson acted as a supervisor when these comments allegedly occurred. Doc. 26. Furthermore, the only count alleging a hostile work environment is count four, which describes a retaliatory hostile work environment. Doc. 26, pp. 8-9. Recently, however, the plaintiff claimed that Wilkerson acted as a supervisor when the comments occurred and that those comments supported a claim for a hostile work environment based on race or national origin, which is not separately pleaded.

      3.    Rule 15(a)(2) says that the Court should grant leave to amend "freely . . . when justice so requires." Although leave to amend is discretionary, the policy of "liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the court's discretion." *Shipner v. Eastern Airlines, Inc.*, 868 F.2d 401, 406-07 (11th Cir. 1989). Reasons for denying leave to amend include undue delay, undue prejudice to the opposing party, and the futility of amendment. *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1287 (11th Cir. 2003).

      4.    Additionally, when the deadline to amend pleadings has passed, "good cause" for an amendment must exist under Rule 16(b). *See Sosa v. Airport Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). The defendant must

demonstrate that, despite the defendant's diligence, the defendant could not satisfy the deadline for an amendment. *Id.* Here, the plaintiff cannot establish a basis for denial under Rule 15(a), and the defendant can demonstrate good cause under Rule 16(b).

5. No undue delay occurred. The fourth amended complaint repeatedly and consistently identifies Wilkerson, as a "co-worker" and says that the plaintiff complained about this alleged "co-worker" conduct to "supervisors and assistant supervisors." Doc. 26, para. 11. The complaint further alleges that the plaintiff's supervisors failed to discipline this co-worker despite their knowledge. *Id.* Nowhere does the complaint allege that Wilkerson was an acting supervisor when the alleged harassment occurred. Furthermore, nowhere does the complaint allege that these comments were part of a hostile work environment based on race or national origin.

6. For this reason, the defendant could not have satisfied the February 1, 2018, deadline to amend pleadings despite the defendant's diligence. On June 13, 2018, the plaintiff claimed for the first time that Wilkerson acted as a supervisor when the comments occurred. The plaintiff disclosed a witness affidavit saying that, at some unspecified time, Wilkerson was an acting supervisor when she overheard the alleged comments. More recently, the plaintiff claimed that these comments supported a hostile work

environment based on race or national origin, which claim he failed to separately plead in the fourth amended complaint.

7. After learning this information, the defendant reviewed the original answer and determined that the *Faragher/Ellerth* affirmative defense is necessary to the extent that the fourth amended complaint can be construed as alleging a hostile work environment based on race or national origin perpetrated by a supervisor.

8. No undue prejudice exists. Two months remain for discovery. The plaintiff has taken no depositions and, therefore, none need re-opened. Additionally, the defendant believes that the defendant has already produced most of the documents pertinent to this defense.

9. Finally, the amendment is not futile. If, in fact, Mr. Wilkerson acted as a supervisor during the alleged conduct and if the Court construes the fourth amended complaint as alleging additional claims, justice requires that the defendant have an opportunity to present a meritorious and legally appropriate defense to liability.

10. Under Local Rule 3.01(g), counsel for the defendant certifies that she conferred in good faith with counsel for the plaintiff, who objects to the relief requested in this motion.

**WHEREFORE**, the defendant respectfully requests leave to file an amended answer, as well as all further just and appropriate relief.

Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney


/s/Lindsay S. Griffin
LINDSAY SAXE GRIFFIN
Assistant United States Attorney
Florida Bar No. 72761
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone No.: (813) 274-6000
Fax No.: (813) 274-6198
Email: lindsay.griffin@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 4, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to the following CM/ECF participant:

>Jay F. Romano
>Discrimination Law Center, P.A.
>2255 Glades Road, Suite 324A
>Boca Raton, FL 33431

>/s/Lindsay S. Griffin
>Assistant U.S. Attorney